## Texas & New Orleans Railway Company v. Arthur Lee.

Decided March 27, 1903.

**1.—Railroads—Personal Injury to Servant.**

The mere fact that plaintiff, a railroad employe, ruptured while lifting a hand car, through the negligence of the foreman, was more susceptible to such an injury because his abdominal wall was weak, would not defeat or lessen the liability of the railway company for the negligence proximately causing such injury.

**2.—Master and Servant—Concurring Negligence of Fellow Servant.**

The master is liable for injury to a servant if his own negligence contributed directly thereto, although his negligence was combined with that of a fellow servant.

**3.—Charge—Requested Instruction Already Given.**

It is not error to refuse a requested charge which has in substance been already given.

**4.—Personal Injury—External Injury Not Shown—Hand Car.**

Evidence considered and held not to warrant a charge upon the theory that plaintiff was externally injured by the dropping of one end of a hand car while he was lifting it.

**5.—Same—Pleading.**

See pleading, in a case where plaintiff was ruptured while lifting at a hand car that dropped, held sufficiently comprehensive to sustain a recovery for an injury caused by the weight of the hand car coming upon the plaintiff by physical contact, instead of being caused merely by a jerk producing a rupture.

**6.—Assignment of Error—Statement.**

Where an assignment complained of the refusal of the court to have plaintiff put on the stand as a witness and of its permitting his two depositions to be read, in which there were alleged contradictory statements, and the statement in the brief, made under the proposition submitted, merely gave quotations from such depositions, but did not show by reference to the record that plaintiff was in the attendance at the trial, or that the ruling complained of was made, or that any exception was taken thereto, the assignment would not be considered. Rule 31, Courts of Civil Appeals.

**7.—Practice on Appeal—Verdicts—Sufficiency of Evidence.**

Appellate courts will disturb the finding of a jury upon a question of fact only where there is no evidence to support such finding or where the verdict is so manifestly against the weight of the evidence as to show that the jury were influenced by an improper motive. See assignment held not to assail a verdict on this latter ground, and a proposition not germane to such ground.

**8.—Personal Injury—Verdict Not Excessive.**

A verdict for $4000 held not excessive in a case of rupture which entirely incapacitated a railroad hand from manual labor at the age of 32, his wages being $1.50 to $2 per day, and the injury causing great pain and his confinement in the hospital for four months.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Baker, Botts, Baker & Lovett* and *C. L. Carter,* for appellant.

*Ewing & Ring,* for appellee.

PLEASANTS, Associate Justice.—Appellee brought this suit to recover damages for personal injuries alleged to have been caused by the negligence of the appellant. Plaintiff's petition contained two counts. In the first count it is alleged in substance that on April 27, 1901, the plaintiff and three coservants were employed by the defendant as section hands on its line of road in Harris County, near the city of Houston, and while engaged in the discharge of their duties, and while under the control of defendant's foreman, who is alleged to be the vice-principal of the defendant at that time, the plaintiff was injured; that one of his coservants, William Weideman, was then and there affected with hernia and rupture to such an extent as to render him incompetent and unfit to perform any kind of manual service requiring the capacity to lift or sustain heavy weight, such as the weight of a hand car; that the defendant, through its said foreman, had due notice of such unfitness, but the plaintiff had no such knowledge until long after he had received his injuries; that the lifting or bearing the weight of a hand car is ordinarily done by six men, but may be done with reasonable safety by four men when all of them are fit and competent to bear the utmost weight which four able-bodied men were capable of sustaining; that said foreman, acting within the scope of his duties, commanded plaintiff and his coservants, including Weideman, to lift a certain hand car, which they were then engaged in operating; that in selecting and assigning said Weideman to such work, the defendant, on account of the incompetency and unfitness of Weideman, negligently failed in its duty to plaintiff to exercise ordinary care to supply an adequate number of fit and competent servants to work with plaintiff; that "in consequence thereof, while plaintiff and his said coservants were bearing and sustaining the weight of said hand car, in undertaking to move it as commanded and directed, the said coservant, William Weideman, on account of his unfitness and incompetency to do the work so required of him, let loose his hold of

said hand car, or otherwise failed to sustain or bear his proper share of the weight thereof, whereby, as a proximate result thereof, such increased weight came upon plaintiff suddenly and unawares to him," thereby rupturing him in the groin and abdomen, to such an extent as to render him an invalid for life, and to incapacitate him from manual labor; that such injuries are permanent, and that plaintiff has suffered great physical and mental pain and anguish, and will so continue for the rest of his life; that he has been caused to lose time at the value of $2 per day; that he was deprived of his earning power; and had been damaged in the sum of $20,000.

In the second count it is alleged that at the time and place of the injury, as set out in the first count, plaintiff and his said coservants were in the course and discharge of the duties of their service engaged in operating a hand car over defendant's railroad, and in the operation of said car it became necessary to remove or lift same to and from the railroad track, and that in lifting said car and placing same upon the railroad track in the manner and under the circumstances described in the first count, plaintiff's coservant, Weideman, negligently and carelessly let loose his hold on said car, or otherwise failed to sustain or bear his share of the weight thereof, without warning to plaintiff, and that as a proximate result thereof plaintiff was injured in the manner and to the extent complained of the first count.

The prayer of the petition is for damages in the sum of $20,000. The defendant answered by general and special exception and general denial, and specially pleaded as follows:

"First. Contributory negligence on the part of the plaintiff in failing to release his hold upon the hand car, and in negligently attempting to sustain the weight of the hand car carelessly and negligently; that in the manner in which he took hold of said car, and the manner in which he attempted to move same and carry same, he was guilty of negligence, proximately causing his own injuries.

"Second. That if the plaintiff was injured, it was the result of risks ordinarily incident to the character of employment the plaintiff was engaged in; that all of the conditions surrounding plaintiff were open and patent to common observation, and well known to him; that the size and weight of the hand car were open to his observation, and there were no hidden defects connected therewith, nor with the manner of its removal, at the time he complained of being injured; that he was familiar with the duties of his employment and the risks incident thereto, and with such knowledge engaged in that service.

"Third. That if the plaintiff was injured, it was the result of negligence on the part of a fellow servant, and not from that of any other person.

"Fourth. That if he was injured, it was the result of an inevitable and unforeseen accident, and of the physical weakness and infirmities of the plaintiff himself; that said infirmities of the plaintiff were unknown to the defendant; that the defendant exercised due care in the selection

and· employment of its servants, and that if any of the plaintiff's co-employes and fellow servants were physically unfit for its services, such was unknown to this defendant, and could not, by the exercise of due care on its part, have been ascertained by it, but was known, and by the exercise of proper care on his part, would have been known, to plaintiff."

The issue of negligence on the part of Weideman as a ground of recovery by the plaintiff as set out in the second count in the petition was not submitted to the jury by the charge of the court. The trial resulted in a verdict and judgment in favor of plaintiff for the sum of $4000, from which judgment the defendant prosecutes this appeal.

The material facts disclosed by the record may be briefly stated as follows: On April 27, 1901, the plaintiff, William Weideman and two others, were members of a section gang in the employment of defendant company, and were working under the control of Thomas Farrell, who was defendant's section foreman, with authority to employ and discharge those working under him. In the discharge of the ·duties of their employment on the date above named the said parties were operating a hand car on defendant's road near the city of Houston, and going in the direction of said city. As they approached the city limits, in order to avoid a collision with a freight train which was coming toward them from the direction of the city, upon the same track upon which the hand car was being operated, it became necessary to lift the hand car from the track. This was done by plaintiff and two of his coservants first lifting one end of the car from the track and then the other. After the train had passed plaintiff and his three coservants lifted the car up, each of them having hold of one of the handles attached to the corners of the car, and placed it back upon the track. In thus lifting the car and placing same on the track plaintiff and his coservant, William Wiedeman, carried one end of the car, and his other coservants the other end. Four able-bodied men of usual strength are sufficient to move a handcar in this manner. The coservant Weideman had been ruptured some time previous to this occasion, and was not a competent and fit person to perform service of this kind, but on account of said rupture he did not have the capacity to sustain heavy weight, or to do heavy lifting of any kind. After the car had been lifted back to the track, but before it had been placed thereon, Weideman, by reason of his weakness and incapacity, let go his hold upon the car, and the whole weight of the end which was being lifted by him and plaintiff was suddenly and unexpectedly thrown upon plaintiff. The weight thus suddenly thrown upon the plaintiff produced a rupture of his abdomen which has caused him a great deal of suffering and permanently impaired his capacity to labor and earn money. The evidence is sufficient to sustain the finding of the jury that the plaintiff has been damaged by said injury in the sum of $4000. Weideman gave no warning to plaintiff before letting go his hold upon the car, and plaintiff had no knowledge of his incapacity or incompetency until after the injury occurred. There is evidence to sustain the finding

that defendant's foreman, Farrell, under whose control and direction plaintiff was working at the time he was injured, had knowledge of Weideman's incompetency, and was guilty of negligence in assigning plaintiff to work with said unfit and incompetent coservant.

Appellant's first assignment of error complains of the refusal of the trial court to give the jury the following special instructions: "Before you can find for the plaintiff in this case, you must believe from the preponderance of the testimony that the injuries of which he complains were not the result of any inherent physical weakness or infirmities of the plaintiff himself. And unless you so find, from the testimony in this case, your verdict should be for the defendant railway company."

This charge was not called for by any evidence in the case. There is testimony to the effect that plaintiff's abdominal wall was abnormally weak and in its inherent condition was such as to render plaintiff especially susceptible to an injury of the kind occasioned him by the weight of the hand car being unexpectedly thrown upon him, but there is no testimony from which it could be inferred that the injury complained of was proximately due to any inherent physical weakness or infirmity of the plaintiff. The mere fact that the injured person is in such physical condition as to render him more susceptible to an injury will not defeat or lessen the liability of one whose negligence is the proximate cause of such injury. Purcell v. Railway Co., 50 N. W. Rep., 1034; 2 Shearman & Redf., Negligence, 5 ed. sec. 742.

The second assignment predicates error upon the refusal of the trial court to give the jury the following instruction: "You are charged that the evidence in this case shows that the plaintiff, Arthur Lee, and William Weideman were fellow servants in the employ of the defendant railway company. You are further charged that if you find from the testimony that the injuries of plaintiff, if any he has sustained, were caused by the negligence of his fellow servant, William Weideman, then, in that event, the defendant in this case would not be liable therefor, and your verdict should be for the defendant railway company."

As before stated, the court did not submit to the jury as a ground for recovery the alleged negligence of the plaintiff's fellow servant, William Weideman, but expressly told the jury in his charge that plaintiff could not recover upon the ground of the alleged negligence of Weideman, unless they further believed that the defendant's foreman was guilty of negligence in assigning an incompetent coservant to assist plaintiff in lifting the car, and that said negligence contributed to or helped to produce plaintiff's injuries. The charge given the jury upon this issue was correct in its application of the law to the facts in evidence, while the requested charge was not, in that it, in effect, instructed the jury that defendant would not be liable though its own negligence directly contributed to plaintiff's injury if such negligence was combined with the negligence of a fellow servant. This is not the law, and the charge should not have been given in the form requested, even had the issue of fellow servant been wholly omitted in the charge given by the court.

Railway Co. v. Zapp, 49 S. W. Rep., 674; Railway Co. v. Bonatz, 48 S. W. Rep., 769; Railway Co. v. McClain, 80 Texas, 85; Railway Co. v. Mackey, 83 Texas, 410; Beach on Con. Neg., sec. 304.

Special instrction number 5 requested by the defendant, and the refusal to give which is made the ground of complaint in the third assignment of error, is as follows: "Liability on the part of the defendant in this case for an injury caused by the incompetency of a fellow servant, depends upon its being established by affirmative proof that such incompetency was actually known by the master. You are therefore charged that unless the defendant had actual knowledge of the incompetency of William Weideman, then, on this issue, your verdict should be for the defendant company."

While the charge is correct in its statement of the law applicable to the facts in evidence, its refusal was not error, because the charge given the jury plainly and unequivocally instructed them that plaintiff could only recover in event defendant had knowledge of the incompetency of Weideman at the time he assigned him to work with plaintiff, and further instructed them that the burden was upon the plaintiff to prove the facts necessary to a recovery, and unless the jury believes that all such facts were established by a preponderance of the evidence, they must find for the defendant. The court having sufficiently instructed the jury upon the issue covered by this charge, properly refused to repeat the instruction. Railway Co. v. Morris, 94 Texas, 505.

The fourth assignment predicates error upon the refusal of the trial court to give the jury the following special instruction: "If you believe from the testimony that the injury (if any sustained by the plaintiff) was caused by the hand car, or any portion of it, coming in contact or striking the plaintiff, then, in that event, your verdict should be for the defendant, Texas & New Orleans Railroad Company."

In describing the manner in which he was injured plaintiff testified as follows: "As we had this car up Weideman dropped it, let go of the car altogether, and the car dropped, and that threw all the weight upon me, and besides the weight there was a jar with it, and that just doubled me right up, and it hurt me in the groin and the back, a shooting pain went through. * * * Of course, I had to have the weight of the hand car on me just a moment or two, and the weight jerked right through my hands, right out of them, and the handle caught me coming down; just slipped right down me; something caught me just as it went down. Just for a moment, occasioned by Weideman's dropping his end of the car, rested on my hand, and it jerked right out of my hands, and I could not hold on to it. I did not get on the ground, but it just bent me up like that. Just as soon as the weight of the cars pulled it out of my hands, it forced itself out of my hands and fell to the ground."

He further testified that some part of the car knocked up against him as it was dragging him over. The allegation in the petition as to the manner in which plaintiff received his injuries is as follows: "While plaintiff and his said coservants were bearing and sustaining the weight

of said hand car in undertaking to move it, as commanded, the said coservant, William Weideman, on account of his unfitness and incompetency to do the work so required of him, let loose his hold upon said hand car, or otherwise failed to sustain or bear his proper share of the weight thereof, whereby, as a proximate result thereof, such increased weight came upon plaintiff, suddenly and unawares to him, that he was thereby ruptured and injured."

Dr. Red testified that a rupture might be caused by an external injury, but no one testified that the injury to plaintiff was so caused, and there is no evidence that plaintiff received any external injury of any kind. All of the physicians who testified in the case stated that the rupture could have been caused by the strain produced by the weight of the car being suddenly thrown upon plaintiff. We do not think the evidence raised the issue of whether plaintiff's injury was caused by his being struck by the car, and the court properly refused to give an instruction submitting such issue to the jury.

But conceding, for the sake of argument, that the evidence does raise the issue, the requested instruction should not have been given, because the allegation of the petition above quoted is sufficiently comprehensive to sustain a recovery for an injury caused by the weight of the hand car coming upon the plaintiff by physical contact. The decision of this court in the case of Hicks v. Railway Co., 6 Texas Ct. Rep., 76, cited by appellant to sustain its contention that the requested instruction should have been given, has been reversed by the Supreme Court. See Hicks v. Railway Co., 96 Texas, 355, 6 Texas Ct. Rep., 857.

Under the fundamental rule of evidence which only requires that the substance of the issue need be proven, we think that the allegation of the petition that plaintiff's injury was caused by the increased weight of the car he was lifting coming upon him, would be met by proof that such weight came upon him either by increasing the strain of the lift, or by the car striking against him and in this way putting its weight upon him.

There is no merit in the fifth, sixth or seventh assignments of error which complain of portions of the court's charge as assuming the existence of controverted facts, and being therefore upon the weight of the evidence. The portions of the charge complained of are correct statements of general principles of the law, without any specific application, and could not possibly have misled the jury, because in applying the law to the facts the charge submitted every issue in the case to the determination of the jury.

The eighth assignment of error is as follows: "The court erred to the prejudice of this defendant in permitting the plaintiff to read in evidence the deposition of William Weideman, taken before Leon B. Smith on the —— day of April, 1902, and in not requiring plaintiff to put the said witness, William Weideman, on the stand, said witness being then and there present in court, as shown by defendant's bill of exception number 1, said bill of exception showing that said witness, William Weideman,

has twice testified by depositions in this case; the first deposition being taken by Leon B. Smith, notary public of Harris County, and second deposition being taken by T. M. Kennerly, notary public of Harris County, Texas, said witness having testified to absolutely contradictory statements in each of said depositions that were irreconcilable, it further appearing from said deposition that he has testified that he had told the foreman, Thomas Farrell, of infirmities which he claimed to have, and that he was unable to do heavy lifting, said statement having been made to Thomas Farrell before the time that the plaintiff claims to have been injured; and in the second deposition, taken before T. M. Kennerly, he testified that he did not tell said Farrell of his infirmities until after the time when the plaintiff claims to have been hurt; and other contradictory statements made in said depositions, which are taken in connection with this bill, all of which more fully appears in defendant's bill of exception number 1, which is made a part hereof."

Appellee objects to the consideration of this assignment because the proposition submitted thereunder is not followed by a statement from the record as required by the rules. The objection must be sustained. The statement following the proposition submitted under this assignment only contains quotations from the deposition of witness Weideman, and does not show affirmatively or by reference to any part of the record that the witness was in attendance upon the court, or that the ruling complained of was made, or that any exception was taken to such ruling. Rule 31 of Courts of Civ. App., 94 Texas, 660; Westinghouse Co. v. Troell, 70 S. W. Rep., 324; Railway Co. v. Puente, 70 S. W. Rep., 362; Jasper County v. Jackson, 23 S. W. Rep., 924; Holton v. Railway Co., 6 Texas Ct. Rep., 112.

Appellant's ninth assignment of error is as follows: "The court erred to the prejudice of this defendant, in overruling its motion for a new trial, because the verdict of the jury is contrary to the evidence in this case, the preponderance of the testimony showing that the defendant did not know of any infirmity or unfitness on the part of William Weideman rendering him unfit for service in the capacity in which he was employed, but the proof shows that the said William Weideman was competent for the service in which he was engaged, so far as all appearances would indicate, and that he was an able-bodied man, according to plaintiff's own testimony, so far as such appearances disclosed. That if he was suffering from any infirmity of any character, such was not known to this defendant."

The propositions under this assignment are as follows: "The uncontroverted evidence shows that the fellow servant, Weideman, was, to all outward appearances, sound and able-bodied, and the record contains no sufficient evidence that he was unfit and incompetent." "The evidence is not sufficient to show that the defendant railway company knew of any physical unfitness or incompetency of the servant Weideman, and such knowledge is indispensable to plaintiff's right of recovery."

Neither the assignment nor the propositions point out or present any

error which would authorize this court to reverse the judgment of the court below. The only error pointed out in the assignment is the refusal of the trial court to sustain defendant's motion for a new trial on the ground that the verdict of the jury is contrary to the preponderance of the evidence on the issue of knowledge of defendant's foreman of Weideman's incompetency. Appellate court are only authorized to disturb the finding of a jury upon a question of fact when there is no evidence to support such finding, or when the verdict is so manifestly against the great weight and preponderance of the evidence as to lead to the conclusion that the jury were influenced by an improper motive. Railway Co. v. Powell, 45 S. W. Rep., 763; Railway Co. v. Holland, 66 S. W. Rep., 68.

This assignment does not assail the verdict upon either of these grounds, and therefore fails to point out any error which would authorize this court to disturb the finding of the jury. If it be conceded that the propositions raise the issue as to whether there is any evidence to support the verdict, then the propositions are not germane to the assignment and are wholly unsupported thereby. But waving this objection to the issue thus raised, we are, as before stated, of the opinion that there is evidence in the record sufficient to sustain the findings of the jury that appellant's foreman had knowledge of the incompetency of Weideman at the time he assigned him to assist plaintiff in the work in the performance of which plaintiff received his injuries. Weideman swore that he had informed the foreman of his incompetency before that time, and while this testimony was directly contradicted by statements subsequently made by him under oath, it was for the jury to determine under all the evidence in the case which of these statements was the truth. It can not be said that there is no evidence to support the finding that the first statement was true, and the question of whether this finding is so against the great weight and preponderance of the evidence as to lead to the conclusion that the jury were influenced by an improper motive is not raised by the assignment and can not be considered by us. The issue of assumed risk was not raised by the evidence, and there is no merit in appellant's tenth and eleventh assignments which complain of the refusal of the trial court to submit such issue to the jury, and to grant a new trial on the ground that the verdict of the jury upon this issue was contrary to the evidence.

The contention urged under the twelfth assignment, that the plaintiff can not recover because the evidence shows that his injuries were caused by the negligence of a fellow servant has been disposed of in our discussion of the question presented under the second-assignment. Having found that plaintiff's injury was directly caused by the negligence of the defendant, the fact that the negligence of a fellow servant may have also directly contributed to such injury, can not relieve the defendant from liability. We have already stated that the evidence was sufficient to sustain the finding of the jury as to the amount of damages plaintiff has sustained on account of the injuries complained of, and this disposes of the question raised by the thirteenth assignment:

"Lee testified, among other things, that when the increased weight of the car came upon him he was practically doubled up, a sharp pain of agony passing through him; that, the other men having gone to a nearby store, he sat and lay on the track in great suffering for an hour or so; that for several days he continued in pain, the foreman having postponed several times giving him a permit to the hospital; that he then entered the hospital, being there advised that he was seriously ruptured; that he remained in the hospital for months, had an operation performed upon him, and was not discharged until about September 14, 1901, being about five months after his injury; that he had suffered great pain ever since, was unable to do work as before, and had gone to a number of physicians seeking relief; that he was an Englishman who had been some years in this country; had worked at heavy lifting, but had never before had the slightest disposition towards rupture or similar or other injury; that he had no means of making a living except by his labor, and that he had been incapacitated from doing that since his injury; that ever since his injury he had been crippled, unable to stoop, even to pick up a newspaper, without pain; that he knew of no other way he was able to make a living than by manual labor, and had no trade of any sort, and was in sound health when hurt, 32 years old, making $2 per day at bridge work, and $1.50 a day in railroad service."

Four of the six physicians who testified in the case sustain the testimony of the plaintiff as to the serious and permanent character of his injuries. Under this evidence it can not be held that the verdict of the jury is excessive. The record presents no error which would authorize a reversal, and the judgment of the court below is ordered affirmed.

*Affirmed.*

Writ of error refused.