### McCORMICK v. CLEVELAND.†

(Court of Civil Appeals of Texas. Galveston. March 22, 1912. Rehearing Denied April 18, 1912.)

1. APPEAL AND ERROR (§ 742*)—BRIEFS—ASSIGNMENTS OF ERROR—STATEMENT.

Assignments of error, not followed by a statement, as required by Court of Civil Appeals rule No. 31 (67 S. W. xvi), cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 995*)—VERDICT—CONCLUSIVENESS.

An appellate court will not review the evidence merely to determine whether the verdict is supported by a preponderance thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3907; Dec. Dig. § 995.*]

Appeal from District Court, Liberty County; L. B. Hightower, Judge.

Action by Louise Hardin Cleveland against T. N. McCormick and others. From a judgment for the plaintiff, defendant named appeals. Affirmed.

J. M. Reagan and M. S. Duffie, both of Beaumont, for appellant. E. B. Pickett, of Liberty, for appellee.

McMEANS, J. Appellee, Mrs. Louise Hardin Cleveland, instituted this suit against T. N. McCormick, H. H. McCormick, and H. Cohn to recover the title and possession of a part of the one-third of a league of land granted to Charles L. Cleveland, assignee of John I. Booth, situated in Liberty county.

Defendant T. N. McCormick answered, pleading the statute of limitation of 10 years and suggestions of permanent and valuable improvements, made by him in good faith, which enhanced the value of the land. The defendants H. H. McCormick and H. Cohn answered, disclaiming any interest in or title to the land in controversy, and as to them judgment was rendered on their disclaimers in favor of plaintiff for the land.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

The case as between the plaintiff and the defendant T. N. McCormick was tried before the court, without a jury, and resulted in a judgment for plaintiff for the land in controversy, and denying to defendant a recovery for the value of the improvements made by him thereon.

The court, at the request of the defendant, filed its written findings of fact and conclusions of law, and the appellant's assignments of error attack the court's fact findings as being unsupported by the evidence.

[1] Appellee objects to the consideration of appellant's first and second assignments of error, because neither of them is followed by a statement, as required by rule 31 (67 S. W. xvi), governing the preparation of briefs. The objection is well taken, and must be sustained.

[2] The third assignment of error complains that the court erred in the findings embraced in the fourth, fifth, sixth, and eighth paragraphs of its findings of fact, wherein it is found as a fact that appellant was notified, prior to the erection of his improvements on the land, that the land in question belonged to appellee; and the fourth assignment complains that the court erred in the second paragraph of its findings, wherein the court found that the appellant failed to prove the erection by him of improvements in good faith. We could well refuse to consider this assignment, because it is not followed by a sufficient statement, under the rule referred to. Waiving that objection, however, we call attention to the fact that the contention asserted by the proposition under these assignments, which are submitted together, is that the preponderance of the testimony is against the court's findings. An assignment or proposition which merely asserts that the verdict of a jury or the judgment of the court is not in accord with the preponderance of the evidence raises no question which this court can consider. T. & N. O. Ry. Co. v. Lee, 32 Tex. Civ. App. 23, 74 S. W. 349. But we have waived that objection, and have examined the testimony in the record, and find that the court's findings are authorized by the evidence.

We find no reversible error in the record, and the judgment of the trial court is affirmed.

Affirmed.