## ROBINSON v. RANDALL.
### No. 9222.

Court of Civil Appeals of Texas. San Antonio.

Feb. 7, 1934.

Rehearing Denied March 14, 1934.

Leo Brewer, of San Antonio, R. E. Kirkpatrick, of Mercedes, and Strickland, Ewers & Wilkins, of Mission, for appellant.

Kelley, Looney & Norvell, of Edinburg, for appellee.

SMITH, Justice.

A. L. Robinson, F. B. Chadick, and Paul Chadick jointly purchased from W. S. Randall a "1/16th undivided working interest" in an oil and gas lease upon a tract of land in Gregg county, for which each of them paid Randall $2,000, aggregating $6,000.

At the conclusion of the transaction Randall gave Robinson $1,500, which the former claims was intended and understood as a loan, and the latter claims was his commission from Randall upon the deal in question.

Randall sued Robinson and recovered said sum of $1,500, upon a jury finding that the payment was intended as a loan. Robinson has appealed.

Upon the trial appellee introduced proven carbon copies of three letters he claimed to have written and mailed to appellant. In one of these letters appellee wrote appellant that: "Mr. Delaney is insisting that I pay up all the bills on the Free Lease and I need some money to do this. Can you not send the $1500.00 or part of it?" In another: "I wish you would send me the $1500.00 on the Free Lease deal as I need it to pay expenses. How is everything at Mercedes? Will look for you up." And the third: "The Chadicks paid their share of the expense for the months of July, Aug. and Sept. and your share for those months is $37.17. Then also as I have called your attention to several times is the matter of $1500.00 which I let you have on May 22 to help pay for your share of the lease. I think it is time that all these matters be taken care of and I would be pleased to have you meet me in Tyler on or after the 28th of this month. My address there is 504 Bryan St. and Tel. 2399."

Appellant denied having ever received the first two letters, but admitted receipt of the third, and complains here of the admission of the copies of the first two letters over his several objections, which need not be set out here.

We have concluded that if the two instruments were erroneously admitted, such error, if any, was certainly waived and rendered harmless by the admission of the third letter without objection. 17 Tex. Jur. pp. 351, 370, §§ 116, 126, and authorities there cited.

In his second proposition appellant questions the sufficiency of the evidence to support the jury finding that the $1,500 involved was advanced to appellant as a loan. We have carefully considered the evidence, and while a view of the bald record thereof leaves reason for doubt concerning its probity and sufficiency, there was nevertheless some material testimony to support the jury's finding, which is therefore conclusive upon this court.

It appears from the record that in the course of the proceedings appellee procured a writ of attachment against so much of appellant's property as would satisfy the judgment rendered against him herein, and the sheriff executed the writ by "levying the same upon $20/60$ interest in and to the following described property levied upon as being the interest of A. L. Robinson in said property, to-wit," the tract of land covered by the said leasehold interest purchased by appellant and his associates from appellee. It further appears that the judgment here appealed from embraced a decree foreclosing the attachment lien upon the property levied upon.

Now, appellant, in his third proposition of law, complains, by way of claimed fundamental error, that the property attached, and upon which the attachment lien was ordered foreclosed, was not the property of appellant; that the property so attached consisted of a $29/60$ interest in the *fee* of the land involved, rather than in the *leasehold estate* in said land. We are of the opinion that the proposition presents no error of which appellant may complain in this appeal.

In the first place, the true ownership of the fee in the land is not apparent upon the face of the record, and is not ascertainable unless it may be so by a search of the statement of facts, which a reviewing court is not required or authorized to prosecute except in response to duly assigned error; that is to say, the error, if any, is not fundamental and, not being specifically assigned, cannot be considered here.

Moreover, if the property attached was not in fact appellant's he could not be injured by its seizure and sale, and in any event, if he was aggrieved, his recourse lay in handier remedies than that of fundamental error propounded in this Court.

Appellee's motion for rehearing will be granted and the judgment affirmed.

This opinion will be substituted for the original opinion, which will be withdrawn.