## MICHAELSON v. GREEN et al.

No. 11750.

Court of Civil Appeals of Texas. Dallas.
July 13, 1935.

Rehearing Denied Sept. 28, 1935.

Vaughan, Purl & Lewis, of Dallas, for appellant.

Charles Romick, of Dallas, for appellees.

BOND, Justice.

This suit was instituted by the appellee J. Green against the appellant, Jake Michaelson, trading as Jake Michaelson Paint Company, and Julius Yonack and Jacob Yonack, trading as Yonack Bros., on a promissory note, alleged to have been executed by Yonack Bros. payable to the order of Jake Michaelson Paint Company, indorsed on the back thereof by Jake Michaelson, and sold in due course to the appellee J. Green.

The appellant challenged, in pleadings, the execution of the note and the indorsement thereon by general demurrer and denial, a verified plea of non est factum, and alleged a conspiracy affirmatively created and existing between Julius Yonack and Jacob Yonack to defraud appellant, and shared in by the appellee J. Green, who, if not actively, at least, passively, countenanced the wrong, unjust, illegal, and malicious acts of the Yonack Brothers in the execution of the note, with the indorsement of the appellant, and the passing of it, when, in truth and in fact, the appellant had no connection whatever with the note, did not know of its existence, and did not cause it to be passed to the purchaser.

The appellee J. Green, by supplemental pleadings, met the issues raised by the appellant as to his pleas of non est factum and conspiracy by general denial, and specially alleged that the note sued upon was, on March 5, 1931, executed by Julius Yonack, of Yonack Bros., made payable to Jake Michaelson Paint Company, and by the said Julius Yonack delivered to Jake Michaelson; that subsequently thereto the said Jake Michaelson redelivered the note, with his name indorsed thereon, to the said Julius Yonack, for the expressed purpose of having it discounted for the use and benefit of the said Jake Michaelson, and, in accordance with this intent and purpose, the said Julius Yonack sold the note to the appellee Green; that the appellee purchased the same in due course of business in good faith, and innocent of any vice therein, paying value therefor; that the appellant received the money derived from the sale of the note, with knowledge of its receipt and sale to the appellee, thus is estopped to deny liability and/or the indorsement thereon.

The cause was tried to a jury and it found: (1) That Jake Michaelson received the note in evidence from Julius Yonack; (2) that Jake Michaelson indorsed the note; (3) that Jake Michaelson redelivered the note to Julius Yonack, with the name of Jake Michaelson indorsed thereon; (4) that Jake Michaelson received the sum of money derived from the sale of the note, knowing at the time the money was obtained by Yonack from its sale; and (5) that J. Green, Julius Yonack, and Jacob Yonack did not enter into a conspiracy against Jake Michaelson through the means of the note to force Jake Michaelson to pay it.

On the findings of the jury, the court entered judgment in favor of the appellee Green and against Jake Michaelson, Julius Yonack, and Jacob Yonack, jointly and severally, in the sum of $1,050, with interest and attorney fees. Jake Michaelson alone appeals.

There is no contention on this appeal that there is no evidence to support the findings of the jury. The propositions urged are predicated on assignments questioning the preponderance of the evidence not in support of the findings.

Where a plea of non est factum is filed, the burden of proof in support of the execution of a written instrument is on the party offering the instrument in evidence. When that is once established, a prima facie case is made, and, with rebuttable testimony, forms an issue for the determination of a jury. The jurors in such cases are the exclusive judges of the facts; the credibility of the witnesses and the weight to be given to their testimony and their findings, properly deducible from the facts and circumstances in evidence, are conclusive and binding on appellate courts. In considering the sufficiency of the evidence from which the jury bases its findings, every legitimate conclusion which may reasonably be deduced from the facts is indulged in support of its findings. Lloyds America et al. v. Poe (Tex. Civ. App.) 69 S. W.(2d) 160; Robinson v. Randall (Tex. Civ. App.) 69 S. W.(2d) 184.

The appellee in this case assumed the burden of proving the issues raised by the respective parties; and, as we view the testimony, discharged the same: On March 5, 1931, Yonack Bros. was indebted to Jake Michaelson Paint Company for merchandise in the sum of $1,050, and, to pay this account, Julius Yonack testified that he, for Yonack Bros., executed the note involved in this suit for the sum of $1,050, payable to Jake Michaelson Paint Company, and delivered it to Jake Michaelson; that he executed and delivered the note at Michaelson's request, claiming that he could get the money on it at a bank. Later, Michaelson called and told him that he could not cash the note at the bank, and that, if he could get the money on it, he would discount the note $100. To this proposal, Yonack told Michaelson that he had a friend who would likely purchase the note; and that, at Michaelson's request, he went off and found J. Green, told him of Jake Michaelson's note, and that he would discount it at $100, and, if he would cash it, he would give him $75 of the discount. On being assured by Green that he would purchase the note, Yonack returned to Michaelson's place of business, and Michaelson delivered the note to him for sale. The note bore the indorsement of Jake Michaelson when it was returned to Yonack, which indorsement was not on the note at the time it was first delivered to Michaelson. Yonack further testified that he sold the note to J. Green, in accordance with the instructions of Michaelson; that Green paid him therefor by check, payable to Yonack, the sum of $975, which check was deposited by Yonack in a bank to Yonack Bros.'

account, and thereafter Yonack gave Jake Michaelson his personal check for $950. Yonack further testified that he did not see Jake Michaelson sign his name on the back of the note.

Manuel Yonack testified that he prepared the note in litigation, except the signature of Julius Yonack; that he saw Julius Yonack sign the note and deliver it to Jake Michaelson; but that he did not see Jake Michaelson sign his name on the back thereof.

Samples of handwriting, admittedly written by Jake Michaelson, were offered in evidence, and, with those as a basis, a Mr. Haven, an expert in handwriting, testified that the indorsement of "Jake Michaelson" on the note was similar to the admitted specimen signatures of Jake Michaelson, and, in his opinion, they were the same handwriting and written by the same person.

■ We think it cannot be gainsaid that the above related facts do not make out a prima facie case in favor of the appellee Green both as to the issue of the indorsement on the note by Michaelson and the issue of estoppel raised by the pleading. While the testimony of the appellant sharply controverts that of the appellee, yet the facts are manifestly issuable for the determination of a jury, and it is not for an appellate court to determine where the preponderance of evidence lies. McCormick v. Cleveland (Tex. Civ. App.) 146 S. W. 698.

We find no reversible error in the record; therefore the judgment is affirmed.

Affirmed.