**PATTERSON et al. v. TEXAS PAC. COAL & OIL CO. et al.**

No. 4712.

Court of Civil Appeals of Texas. Amarillo.

April 5, 1937.

Rehearing Denied May 3, 1937.

Morrison & Morrison, of Big Spring, and Vickers, Campbell & Evans, of Lubbock, for appellants.

R. A. Baldwin, of Slaton, for appellees.

JACKSON, Justice.

This is a suit in trespass to try title instituted by the plaintiffs Dolores Cozby Patterson, joined by her husband, J. E. Patterson, and Anna L. Cozby Boatwright, joined by her husband, W. T. Boatwright, in the district court of Lubbock county, Tex., against the defendants Thurber Brick Company and the Texas Pacific Coal & Oil Company, both Texas corporations, to recover title and possession of lot 2 in block 65, in the original town of Slaton in Lubbock, county.

It is unnecessary to set out the additional pleadings of the plaintiffs, since they allege no cause of action not included in the suit of trespass to try title.

The defendants answered by general demurrer, numerous special exceptions, general denial, plea of not guilty, and alleged that they were innocent purchasers, having acquired the property in good faith for a valuable consideration, without notice, and prayed that the title to the real estate involved be quieted and confirmed in the defendants.

The case was tried before the court without the intervention of a jury, and judgment rendered that the plaintiffs take nothing by their suit, and decreed that the title to lot 2 in block 65 be settled, quieted, and vested in the defendant Texas Pacific Coal & Oil Company.

The plaintiffs, hereinafter called appellants, by writ of error, prosecute this appeal.

■ In the judgment are these findings of fact: "The court, from the pleadings and evidence, finds and holds that the law and the facts in this cause are for the defendants and against each and all the plaintiffs; that none of the plaintiffs is entitled to any part of the relief sought herein; that the defendant, Texas Pacific Coal and Oil Company, a corporation, is now the holder and owner of fee and record title to all of the real estate, property and premises involved in this suit, to-wit: Lot No. 2 in Block No. 65 in the Original Town of Slaton, in Lubbock County, Texas, it having acquired the said property in due course of its business, as an innocent purchaser, in good faith, for valuable consideration paid by it, and without any notice or knowledge, actual or constructive, of any right title, equity, interest, estate or claim therein and thereto of the plaintiffs herein, or any of them, adverse to its rights, titles and claims in and to the said property, and without any fact, knowledge or information in its possession placing it upon inquiry as to any adverse right, title, equity, interest, estate or claim of the plaintiffs herein."

These findings contain the elements necessary to constitute an innocent purchaser; valuable consideration, absence of notice, and good faith, and if supported by the testimony, warrant the judgment. Strong et al. v. Strong et al. (Tex.Com.App.) 98 S.W.(2d) 346.

■ The appellants do not challenge in any assignment of error the sufficiency of the testimony to support these findings of fact.

"In the absence of any assignment of error challenging the correctness of that finding, it must be accepted here as correct." Handy v. Olney Oil & Refining Company, Inc. (Tex.Civ.App.) 68 S.W.(2d) 313, 317.

"The sufficiency of the evidence to support the finding on estoppel cannot be considered, absent an assignment of error raising that issue." McCrea v. Underwood et ux. (Tex.Civ.App.) 92 S.W.(2d) 1057.

"The record presented to us discloses that the judgment is based upon the answers to issues 1, 3, and 4. These answers, as noted, are not challenged and afford ample support for the judgment.

"We cannot assume that the amputation lengthened the period of disability. In fact,

we do not have jurisdiction to consider that question, for it is not assigned." Commercial Casualty Insurance Co. v. Hamrick (Tex.Com.App.) 94 S.W.(2d) 421, 423.

■ There is no fundamental error apparent of record and we are not required to search the statement of facts to ascertain if fundamental error exists. Robinson v. Randall (Tex.Civ.App.) 69 S.W.(2d) 184.

All of appellants' assignments, we think, are subject to the criticism that they are mere abstractions. Lord et al. v. Hatcher et al. (Tex.Civ.App.) 83 S.W.(2d) 758, and authorities cited.

The judgment is affirmed.