Lewis, S. J.
Wo áre satisfied that the location or entry of the plain *42 tiff in 1838 was sufficiently certain to designate wliat land was intended to he appropriated.
At the time of theloeation Hiere was no law that we are aware of that required the surveyor to keep a hook in which to enter applications for land.
The instructions of the Commissioner of the General Land Office to the surveyor of Bastrop county bear date the 20th of February, 1838, which was after tiie plaintiff’s entry and after the surveyor liad certified that the field notes ivere correct. Whatever obligation the instructions may have imposed on the surveyor his neglect of them did not impair the right of the plaintiff. (Stringer v. Young, 3 Pet. R., 337.)
This order of tiie commissioner does not pretend that the validity of a survey •or entry shall depend in any degree on its being entered in the surveyor’s book, nor do we think he had any authority so to declare. It was only intended as a convenient regulation of the surveyor’s office. The failure to enter an •application in a book kept for that purpose did not lesivo subsequent applicants without the means of ascertaining what was located and what unloeated lauds. In tiie law of 1837 (Hart. Dig., art. 1876) and the law of 1840 (Hart. Dig., art. 1978) there are provisions made for entering surveys on maps, in reference to which the Supreme Court in the case of Smith v. Power, 2 Tex. R., says: “ The legislation in relation to the maps of the counties seems to have been “intended, when fully executed, to point out at least prima facia what lauds “arc public and what private property.” The name of the plaintiff was entered on the map in tiie diagram of league number one previous to the application of Rowe for the saíne land. Therefore we conclude that at the time Rowe made his application he had notice of the previous appropriation of the land in question.
Tiie objection to tiie mandamus because it seeks to oblige the surveyor to survey more than half the front of a league on the Guadaloupe river seems to be well taken. The 2ist section of the laud law of 3837 (Hart. Dig., art. 18.17,) enacts “That all surveys for individuals on navigable water-courses shall “ front one-lialf of the square on the water-course ami tiie line running at right “angles with the general course of the stream if circumstances of lines pre- “ viously made under the law will permit,” &e. The 42d section of the same act (Hart. Dig., art. 1878) enacts that all streams of the average width of thirty feet shall be considered navigable streams within the meaning- of this act as far as they retain that average width, &c.
The statement of the ease shows that the Guadaloupe at the point where league No. 1 is situate is of the average width of thirty feet; that at the time of the plaintiff’s application the lands back of this league were vacant, and that league No. 1 lias more than half its front on the stream.
We think it is the settled law of the court that a mandamus cannot issue to compel a public officer to do an act which is not clearly prescribed bv law. (Cullem v. Latimer, 4 Tex. R., 329; Bracken v. Wells, 3 Tex. R., 99).)" It, is true that the 21st section of the law above referred to is directory, and probably would not injuriously all'eet a survey that did not strictly pursue its directions, but the court cannot command a public officer to disobey the law.
It. was pressed upon the consideration of the court that tiie land having been surveyed for Brown, it ivas competent for the surveyor to adopt that survey for tiie plaintiff; and the ease of Linn. v. Scott has been relied on as authority. We do not question Hie surveyor’s right to adopt a previous survey that lie"thinks correct, as was done, in that ease, hut we cannot admit that it was the duty of Hie court to oblige him to adopt one shown to be incorrect.
If at Hie time tiie surveyor was required to survey the laird for the appellant other locators bad made their entries so as to prevent his from being run in tiie proscribed form, ho might then perhaps have been allowed to take Ins land according to the vacancy left, but as he does not show any reason for asking a survey with more front on the river than the law allows we think the court below did not err in refusing this extraordinary remedy.
*43 The pleadings do not clearly show that there was any necessity for a survey, and although there maybe no objection to the surveyor's making as many surveys of the same land as' the locator may desire we do not think he ought to be obliged by the court to do an act which is not shown to be necessary to the rights of tln> party. (Arberry v. Beavers, 6 Tes. R., 457.) The judgment is therefore allirmed.
Judgment affirmed.