R. R. PUCKETT v. F. M. WHITE, COMMISSIONER OF THE GENERAL LAND OFFICE.

There can be no better settled principle, by the oft repeated decisions of this court, than that a mandamus will not lie, to compel a public officer to perform an act, which is not clearly prescribed and enjoined by law.

A mandamus will not lie, to compel the performance of an act, contrary to the provision of a statute which is merely directory.

The words of the 4th section of "An Act to authorize the location, sale, and settlement of the Mississippi and Pacific Railroad Reserve," (Laws 6th Legislature, ch. 128,) convey a plain meaning, which cannot be mistaken, and a mandamus was properly refused, to compel the Commissioner of the General Land Office to issue a patent on a survey made within the said reserve, after the passage of that act, in a form other than that of a square.

APPEAL from Travis. Tried below before the Hon. Alexander W. Terrell.

This suit was instituted by the appellant, against the Commissioner of the General Land Office, to compel him, by mandamus, to issue a patent on a survey made by the plaintiff, after the Act of the sixth legislature, entitled "An Act to authorize the location, sale, and settlement of the Mississippi and Pacific Railroad Reserve," went into effect. The petition alleged that the survey was made within the limits of said reserve, and set out the field notes of the survey, attached to which was a plat of the survey, in the shape of a parallelogram, the field notes of which showed that it was rectangular; the survey, from the beginning point, running south 1246 varas, thence west 2900 varas, thence north 1246 varas, thence east 2900 varas, to the beginning; that the survey was made by virtue of a genuine certificate (describing it) for 640 acres of land, of the second class, in the Travis land district; that said survey was made on the 27th day of October, A. D. 1857, and was properly certified, approved and recorded, and returned to the General Land Office, according to law, together with the certificate; that said tract of land was, at the date of said location and survey, vacant and unappropriated, and subject to said location.

The petitioner also averred that, by virtue of the premises stated, he was entitled, under the laws, to a patent from the General Land Office for the same; had demanded of the defendant, as commissioner aforesaid, the issuance thereof; that said commissioner refused to issue the same, because, as he alleged, the said survey was not made in the form required by law, and hence could not be patented. Plaintiff alleged that the same was in every respect in conformity with the law. Petition prayed that the defendant might appear and show cause why a peremptory mandamus should not issue, commanding him to issue a patent upon said certificate and the field notes of said survey.

The plaintiff filed an amended petition, to which he attached, as an exhibit and amendment to the original petition, a certified copy of the field notes of said survey, and therein said: "that it will be seen from an examination of said field notes, "that said survey has only four sides, and four right angles;

"and although not forming a technical square, is that charac-
"ter of square, which complies with the requisitions of the law,
"in its true spirit. And that it has been the practice of the
"government, since 1837, [to patent such forms of survey,]
"under laws precisely the same, in effect, as those which govern
"this case, to wit, all surveys of the character of the aforesaid
"survey."

The defendant filed a general demurrer, and the special an-
swer set forth the same grounds as those stated by plaintiff's
petition, as defendant's objections to the issuance of the patent.
On the trial, the parties waived a jury, and submitted the case
to the court. The demurrer to the petition and amended peti-
tion was sustained, mandamus refused, and judgment in favor
of the defendant for costs. From which judgment the plaintiff
appealed to this court.

The court below, for its own satisfaction, desired to hear
testimony upon the facts charged in the amended petition, in
reference to the practice of the government, &c. Horace L.
Upshur was sworn, and testified that that provision of the
statute, requiring all surveys not fronting on navigable streams,
to be made in a square, provided that surrounding surveys
would permit, had never been regarded. Had never known a
patent to be refused on account of the shape of the survey, when
it did not front on some navigable stream. The statement of
facts set forth that, "the court gave the judgment aforesaid, as
"upon general demurrer, together with said Upshur's testi-
"mony.

*Hamilton* and *Sublett,* for appellant. This was a suit brought
against White, as Commissioner of the General Land Office, to
compel him, by mandamus, to patent the survey described in
plaintiff's petition. The field notes being set out in the amended
petition, and it appearing therefrom, that the survey, although
possessing four sides and four right angles, was not a technical
square, but an oblong, the defendant demurred to the petition,
upon the ground that the survey did not comply with the

36

requisitions of the 4th section of an Act, entitled "An Act to authorize the location, sale and settlement of the Mississippi and Pacific Railroad reserve," passed August 26th, 1856. The court sustained the demurrer, and gave judgment for the defendant, from which judgment the plaintiff has appealed, and assigns, as error, the judgment of the court upon the demurrer.

It is contended by the appellee, as may be seen from his answer, that, although the survey would have been good, had it been outside of the Pacific Railroad reserve, yet, being within that reserve, the 4th section of the Act, passed 26th August, 1856, requiring all surveys made in said reserve, to be in a square, where surrounding surveys will permit, renders this survey of the appellant illegal and void; and this was the view taken of the case by the court below.

It surely cannot be maintained, that the Act of the 26th of August, 1856, throwing open the reserve, is any more strict in its provisions, with reference to the shape of surveys, than the Act of the 14th December, 1837, (Hart. Dig. Art. 1857.) Both Acts require all surveys, which are not upon navigable streams, (if previous lines will permit,) to be made in *a square*. The phraseology of the two Acts is in substance the same; and yet, strange as it may seem, patents are being issued daily upon surveys, in all manner of shapes, where they are not within the said reserve, while they are refused in the reserve, unless they have four equal sides, and four right angles.

The appellant in this case relies upon the construction placed upon the Act of 1837, and acquiesced in by the government from that day to the present time. It is not necessary for the appellant to account for that construction of the law, which has caused many patents to be issued on surveys having none of the requisites of a square. It is sufficient for him to show, that his survey has only four sides, with right angles and parallel lines; this, it is believed, complies with the spirit of the law, while it certainly complies with that construction of the law which was contemporaneous with its passage, and has never been departed from up to the present time.

Puckett v. White.

"Where an old statute has received an early practical con-
"struction, which, if it were *res integra*, it might be difficult to
"maintain, it will be adhered to, especially if great mischief
"would follow a different construction." (Rogers v. Goodwin,
2 Mass. Rep. 475; Packard v. Richardson, 17 Id. 122; Jus-
tice's Opinions, 3 Pick. Rep. 517, 518; Edwards v. James, 7
Tex. Rep. 372.)

It may not be improper to remark here, that the survey of
Puckett is one of a large block of surveys, made by the same
surveyor, none of which perhaps are precisely square, but all
of which have four sides and four right angles, and form a
solid block of surveys, with no vacant land intervening.

The court need not be told of the great inconvenience that
would result to parties, by departing from the time honored
construction which the statute has received. The testimony of
Mr. Upshur, as well as the experience of every citizen, who has
examined the maps of the surveys of the different counties in
the State, all show conclusively, that a *technical square* has
never been considered an essential requisite of a legal survey.

It might be argued, with much force, that the proviso in the
4th section of the Act of the 26th August, 1856, was intended
to apply only to the scrip which is authorized by that section
to be issued. But give to the proviso its broadest meaning,
and it cannot mean more than the Act of 1837. It simply re-
enacts the law as it was previous to the passage of the Pacific
Railroad reserve, and with it, the construction given to the old
law.

WHEELER, CH. J. It is made the duty of the Commissioner
of the General Land Office, to issue patents upon such surveys
only, as have been made in conformity to law. But it is pro-
posed, by this suit, to compel the issuance of a patent upon a
survey made confessedly contrary to the literal direction of a
plain statute. (Laws 6th Leg. 128, ch. § 4.) There can be no
better settled principle, by the oft repeated decisions of this court,
than that a mandamus will not lie to compel a public officer to

perform an act, which is not a duty clearly prescribed and enjoined by law. A mandamus will not lie to compel the performance of an act, contrary to the provision of a statute which is merely directory. (Horton v. Pace, 9 Tex. Rep. 81; Commissioner General Land Office v. Smith, 5 Id. 471; Cullem v. Latimer, 4 Id. 329; Bracken v. Wells, 3 Id. 88.)

The words of the statute convey a plain meaning, which cannot be mistaken. There is no room to deduce a different meaning, by construction, from that which is plainly expressed; and we find nothing in the record to warrant the conclusion, that the legislature did not mean what they have expressed in words, if it were admissible to vary the meaning of a plain statute, by matter of fact outside of it. It is scarcely necessary to say, that a practice in disregard of a former statute, cannot have such authority as to require the court to sanction and enforce, by its direct action for that purpose, a like disregard of the present. There is no error in the judgment, and it is affirmed.

Judgment affirmed.