JOHN M. DURRETT v. STEPHEN CROSBY, COMMISSIONER OF THE GENERAL LAND OFFICE.

No principle is better settled, both on reason and authority, than that a *mandamus* will not issue to compel a public officer to perform an act, unless the act be clearly enjoined and defined by law, and be therefore ministerial in its character, neither involving the exercise of discretion nor admitting of any alternative. (Paschal's Dig., Note 182; Art. 1407, Note 528.)

The provision of the 11th section of the act of February 7, 1860, (Laws 8th Leg., p. 54,) authorizing the commissioner of the court of claims to re-examine and approve or reject land warrants and certificates which had been previously approved, were within the constitutional power of the legislature. (Paschal's Dig., Arts. 1159, 1164.)

On the trial of a suit for a *mandamus* to require the commissioner of the general land office to issue a patent on a land warrant rejected by the commissioner of claims on the re-examination authorized by the act above referred to, it is altogether immaterial that the holder of the warrant was, at a former period and by virtue of its original approval by the commissioner of claims, entitled to a patent upon it.

The only mode by which a warrant or certificate rejected on re-examination by the commissioner of claims could again be made evidence for any purpose of a right to land was by the establishment of its validity in the manner provided in the statute itself. The commissioner of the general land office had no power or discretion to issue a patent on a re-examined warrant or certificate, unless the commissioner of claims had approved it on the re-examination.

In this proceeding for a *mandamus* to the commissioner of the general land office, it is immaterial to inquire into the motives or reasons which actuated the commissioner of claims in rejecting the warrant on its re-examination by him, for, no matter how improper or erroneous may have been those motives or reasons, the commissioner of the land office had no authority to revise and correct the action of the commissioner of claims.

A rejection by the commissioner of claims of a certificate or warrant re-examined by him was not void for the reason that it was made before the time limited in the 11th section of the act mentioned. The object of that provision was to secure to claimants ample time to present their evidence. (Paschal's Dig., Art. 1159.)

The most that can be said is, that such a premature rejection would not preclude the claimant, at any time before the expiration of the time allowed him, from adducing all the evidence he could in support of his certificate, and that the time at which he was barred from establishing his certificate by suit would only commence to run against him from the period at which the commissioner could have conclusively rejected his certificate.

APPEAL from Travis. The case was tried before Hon. A. D. McGINNIS, one of the district judges.

This was a petition for the writ of *mandamus*, to be directed to the commissioner of the general land office, and requiring him to issue to the appellant a patent for twelve hundred and eighty acres of land in the county of Wise. The petition was filed at the fall term, 1864, of the Travis District Court. It set forth that the petitioner, Durrett, is the owner of bounty land warrant No. 593, issued to Cain T. Brush, on the 11th of January, 1850, by the then adjutant general of the State, and calling for

twelve hundred and eighty acres; that the warrant had been located on a certain tract of land in Wise county, particularly described in the petition; that the warrant and the field-notes of the survey had been duly returned and filed in the general land office within the time limited by law, and that the survey was properly delineated on the maps of that office; that, on the 24th of February, 1857, the warrant was registered in the office of the commissioner of claims, as required by law, and on the 11th of March, 1857, was approved by James C. Wilson, the then commissioner of claims, as a genuine and valid claim for twelve hundred and eighty acres of land; by means of all which the petitioner, became the owner and possessor of the said tract of land in Wise county, and entitled to a patent therefor from the commissioner of the general land office; that petitioner had demanded and requested the defendant, Crosby, as commissioner of the general land office, to issue to him a patent for the land aforesaid, but the defendant had refused so to do; that petitioner is the sole owner and claimant of the said warrant, and the transfer to him of the same is on file in the general land office; that no other person sets up any claim to the said tract of land, or to the warrant so located thereon: wherefore petitioner prays for citation to the defendant, as commissioner, of the general land office, and for the writ of *mandamus*, requiring him to issue and deliver to petitioner, upon the payment of the legal fees, a patent for the tract of land in question.

The defendant, Crosby, in his official capacity, made return or answer to the petition on the 9th of December, 1864, and alleged therein, that it is shown by the records of W. S. Hotchkiss, commissioner of claims, that the said bounty warrant had been rejected by him, as appeared by an extract from said records certified and attached to the answer.

On the coming in of the defendant's answer, the plaintiff

44—XXVIII.

amended his petition, and alleged that the warrant had been duly filed with and approved by the commissioner, Wilson, as stated in the original petition; that said commissioner kept a register, in which was stated the number and date of the warrant, by whom and to whom it was issued, the quantity of land it called for, the character of service for which it was issued, by whom it was presented, and the person represented to be the owner of it; that in the margin of such register the said commissioner, Wilson, duly noted his official approval of the warrant; and that the warrant, with such approval, was duly reported by said commissioner to the commissioner of the general land office, and to the governor of the State, as was required by law, and the warrant itself was returned to the general land office immediately after its approval, and on or about the 12th of March, 1857; that afterwards, in February, 1860, W. S. Hotchkiss was elected commissioner of claims, and soon thereafter, about the 17th of March, 1860, he, without authority of law, and without the knowledge or consent of the petitioner, erased from the said register the note of approval made thereon by the former commissioner, Wilson, and in the place of such approval wrote the word "rejected," by means whereof the said record was mutilated and made to represent that said warrant had been rejected by the commissioner of claims, whereas in truth the same had been approved; that the certified copy of the extract from the said register, filed with the answer of the defendant, was made after the mutilation of the register as aforesaid, and is not a copy of the entry as it appeared before the alteration so made by the said Hotchkiss.

And for further amendment, the plaintiff set forth in full and specifically, that he purchased the bounty warrant from the said Cain T. Brush after it had been approved by the former commissioner, Wilson, and that he had no notice whatever of any illegality or invalidity in it; that

he bought it in good faith, and had paid for it the sum of $1,000; that the warrant was never thereafter again presented for registry or approval, but that the commissioner, Hotchkiss, obtained possession of it by some means unknown to petitioner, and without the knowledge or consent of petitioner or the authority of law wrote across the face of the warrant the following words, viz:

"This warrant was presented to the joint committee on court of claims, in 1858, and they were of opinion that it had been improperly approved, inasmuch as the party had received his land before, hence they rejected it; to which I certify.        W. S. HOTCHKISS, Com. of Claims.

"MARCH 17, 1860."

And plaintiff denies that said Hotchkiss had any authority to revise the acts of the previous commissioner of claims, or to reject the warrant after it had been approved by the previous commissioner, or, if he had such authority, he did not exercise it according to the conditions and requirements of law; that the "joint committee on the court of claims" was not a tribunal created by law, or lawfully authorized to decide upon the legality of the said warrant, and the plaintiff denies the authority of the committee and the validity of its action, or that of Commissioner Hotchkiss founded upon it.    And plaintiff says that the said Cain T. Brush did faithfully and honorably serve in the army of the republic of Texas for and during the war, that the said warrant is the only claim for bounty land that was ever issued to the said Brush, and that he never received any other.

The cause was submitted to the court below without the intervention of a jury. In view of the rulings in this court, a detailed statement of the evidence appears to be unnecessary. The action taken by the commissioner, Hotchkiss, with reference to the warrant, seems to have been based upon that of the joint committee of the legislature.

It was further shown, that the action of that committee was founded upon the fact, that a bounty warrant for one thousand one hundred and twenty acres had been issued to one Cain D. Brush, and it seems that the committee assumed that he was the same person as the Cain T. Brush to whom the warrant was issued on which the plaintiff claims his patent. No evidence on this question of identity is contained in the record.

The court below rendered judgment against the plaintiff, and he appealed.

*Bowers & Walker*, for the appellant.—I. The patent should issue if the warrant be genuine, there being no other reason set up or existing for the refusal.

II. The warrant was approved by Commissioner Wilson. This was an adjudication as to the genuineness of the warrant, it being the only question submitted to him, and he not having the power to revise the act of the officer issuing the warrant.

III. The act of Wilson approving the warrant was also founded on testimony showing the kind and amount of service rendered, for which the certificate was given. His approval is in legal form, and precludes all inquiry as to the evidence on which his action was based; like every other judgment, it is complete evidence of its own validity. (Styles v. Gray, 10 Tex., 505, 506; Johnson v. Smith, 21 Id., 728; Bomer v. Hicks, 22 Id., 159 to 161; Spratt v. Spratt, 4 Peters, 393.)

IV. Has the approval of Commissioner Wilson ever been reversed or canceled?

1. Commissioner Hotchkiss says he did not do it.

2. The joint committee had no such power.

3. They did not cancel it or attempt to do so.

4. Commissioner Hotchkiss, after adjournment of the legislature, at his own instance, obtains the warrant, and

makes upon it a memorandum of what his memory supplies as to the opinion of the committee about the warrant. This is a mere nullity.

5. The commissioner could not reject the warrant until "six months from the date of its presentation have passed, unless at the request of the party." (General Laws, 8th Leg., § 11, p. 54.) Commissioner Hotchkiss was elected in February, 1860, when the court of claims was reorganized. This action was had on the certificate March 17, 1860, less than six months. It was without plaintiff's knowledge or consent, and consequently could not have been " at his request."

6. Will the court declare the act of Hotchkiss void, as affecting the former approval of the warrant?

V. No one claims adversely to the applicant. The State, by its proper officer, has granted the warrant. The court of claims has passed upon the genuineness of the warrant. The State then has no interest, in absence of fraud, in obtaining the issuance and approval of the warrant.

VI. The warrant is in the hands of an innocent, *bona fide*, purchaser, for a valuable consideration, without notice of any illegality, and inquiry cannot be made as to the want of consideration for the grant.

If, however, this is a subject the court will inquire into, then an examination of the facts, upon which Commissioner Hotchkiss says the committee were induced to believe the warrant was improperly issued and approved, will show that the similarity of the names, Cain D. Brush and Cain T. Brush, is the only reason urged—the only objection to the validity of the Cain T. Brush warrant. This is overbalanced by the facts that the service and the quantity of land are different.

VII. But it is insisted that the application for *mandamus* is not the proper remedy; that the indorsement on the warrant prohibits the commissioner of the general land

office from issuing the patent. This seems to be the whole of the argument made by appellee.

We reply that no other person sets up any claim to the warrant, or the land on which it is located. *Mandamus* against the appellee is the only remedy; he is the only person who can be made a party defendant. With all the parties at interest before the court, the legal rights of the applicant will be judicially determined. (Arberry v. Beavers, 6 Tex., 472, 473.)

Has the applicant shown a legal right to the patent? Has he shown such a right in the subject as would entitle him to recover against an adverse claimant in a suit for that purpose? If he has, and the appellee has refused to issue the patent, *mandamus* is the only remedy, and should be granted. (Arberry v. Beavers, 6 Tex., 473, 474.)

*William M. Walton, Attorney General,* for the appellee.

Moore, C. J.—There is no principle more firmly settled on reason and authority than that a *mandamus* will not issue to compel a public officer to perform an act unless it be clearly enjoined and defined by law, and therefore ministerial in its character, and involves neither the exercise of discretion nor leaves any alternative. (Puckett v. White, 22 Tex., 559; Horton v. Pace, 9 Tex., 81; Arberry v. Beavers, 6 Tex., 475; The Comr. &c. v. Smith, 5 Tex., 471; Glasscock v. Comr., &c., 3 Tex., 51.) Unless, therefore, it were the plain and imperative duty of the appellee, as commissioner of the general land office, to issue the patent demanded by the appellant on the 23d of November, 1864, his prayer for a *mandamus* was properly refused.

His right to a patent at a former period, on the certificate and its original approval by the commissioner of claims, is altogether immaterial. It was certainly as competent for the legislature to authorize a re-examination of

the validity and legality of certificates and land warrants previously approved, as to require their original presentation to the commissioner of claims. (Peck v. Moody, 23 Tex., 93; League v. De Young, 11 How., 185; same case, 2 Tex., 497; Hosner v. De Young, 1 Tex., 764.)

If on such re-examination a certificate has been rejected by the commissioner, unless its validity be established in the manner provided by law, it cannot be regarded as any evidence whatever of a claim to land, much less as a foundation for a *mandamus* to compel the commissioner of the general land office to issue a patent upon it. Unless the certificate, when re-examined, be approved, the commissioner has no discretion, but is positively forbidden by law to issue a patent upon it.

The 11th section of the law of the 7th of February, 1860, reorganizing the court of claims, in unmistakable terms conferred upon the commissioner, Hotchkiss, authority to re-examine and pass upon the validity and genuineness of the warrant claimed by the appellant as a demand against the State for land, (Laws 8th Leg., p. 54,) and that he should report his action thereon to the commissioner of the general land office for his information and guidance. (Id., sec. 16.)

And it is altogether immaterial to inquire into the motives or inducement for the commissioner of claims to reject the certificate; for however improper they may have been, or however erroneously he may have acted in rejecting it, the appellee evidently had no authority or right to review or correct his action. Nor would appellant occupy any more favorable position if it were conceded that his warrant was, as he insists, rejected by the commissioner of claims prior to the time he was directed by law to take definite action upon it. It certainly cannot be held that his rejection of the certificate is on this account absolutely void. The purpose of the delay in the final action of the commissioner was doubtless to give ample time for all

persons interested in the claims to be acted on to present, if in their power, testimony to support them. The most that can be said is, that the action of the commissioner did not preclude appellant from presenting the evidence to ·support his certificate until the expiration of this time, and that the time within which he was barred from establishing his certificate by suit only commenced to run against him from that date. The provision seems, however, not to be strictly applicable to the examination of certificates previously approved, but to such as had not been presented to the former commissioners, and upon which he had to take original action. (Laws 8th Leg., p. 54, sec. 11.) Be this, however, as it may, as we have before said, the appellee has no authority to canvass or review the action of the commissioner of claims. The latter officer had acted on a question committed by law to his determination. If his action was improper or erroneous, appellee was not intrusted with the power and authority of correcting it.

The judgment is

AFFIRMED.