ROBERT F. CAMPBELL v. WARD B. BLANCHARD.

(No. 481.)

PUBLIC DOMAIN.— Act of 1879 (and subsequent acts) construed.

APPEAL from El Paso county. Opinion by WATTS, J.

STATEMENT.— On March 16, 1883, appellant brought this suit against appellee to compel him, as surveyor of El Paso county, to survey for appellant the land described in the petition, alleging that he had filed on the same under an act to provide for the sale of the unappropriated public lands of the state of Texas, and the investment of the proceeds of such sale, approved July 14, 1879, and an act to amend sections 1 and 6 of said act, approved March 11, 1881; that said lands were vacant and unappropriated at the date of his said application, and that appellee received, filed and recorded appellant's application for the same; for which appellant paid appellee the fees allowed him by law, and demanded then and there a survey of said land.

Appellant alleged a tender of appellee's fees in full for surveying said land and a refusal to make the survey thereof by appellee, and prayed for a *mandamus* to compel him so to do.   Appellant made his application for the survey December, 1882.

Appellee answered by general demurrer and general denial, and on trial of cause before the court judgment was rendered for appellee.   See General Laws Special Session 1879, p. 48;  amendatory thereof, General Laws 1881, p. 21; repealing act, General Laws 1883, p. 2.

OPINION.— It is claimed that appellant had so far complied with the act of 1879, as amended in 1881, that it amounted to a contract between the state and appellant, which could not be affected by the repeal of that act.

From the record we find application for a survey was made in December, 1882, filed and recorded; but before any survey was made the legislature, on January 22, 1883, expressly repealed the act of 1879 authorizing sales of land. Appellant again tendered fees, but appellee refused to make the survey, claiming that he had no authority to make the survey.   The mere request to the surveyor to make the survey for appellant of the lands designated will not bind the state to sell nor compel appellant to purchase.

It is well settled that a *mandamus* will not issue to compel a public officer to perform an act unless it be clearly defined and enjoined by law, so that it does not involve the exercise of discretion.   Durrett *v.* Crosby, 28 Tex., 687; Cullen *v.* Latimer, 4 Tex., 329.

It is clear that there was no such contract with reference to the purchase of this land as would be protected by the constitutional provision which declares that no law shall be passed impairing the obligations of a contract.

AFFIRMED.