### A. C. Frontroy v. H. W. Atkinson.

Decided February 20, 1907.

**1.—Assignments of Error—Brief.**

Assignments of error, though general in their nature, may be sufficient to receive consideration if followed by propositions, statements and authorities in the brief making the point presented specific.

**2.—Land—Patent—Attacking for Fraud.**

In the absence of some prior right or equity, no one but the State can attack a patent for fraud.

**3.—Same—School Land.**

A title by patent to school land must prevail over the claim of one applying after its issuance to purchase and receiving an award from the Land Commissioner of a portion of the land granted by the patent though such claimant asserts fraud in procuring the issuance of the patent with boundaries embracing the portion he applied to buy.

Appeal from the District Court of San Saba County. Tried below before Hon. Clarence Martin.

*G. A. Walters* and *Flack & Dalrymple,* for appellant.—The court erred in refusing to permit the defendant to introduce his evidence before the jury, sustaining his defense and holding that the plaintiff's patent to the land in controversy precluded the defendant from attacking the title of the plaintiff to said land. Rev. Stats., art. 4264, 4265, 4274, 4283, 4285, 4287, 4289, 4291, 4304; Styles v. Gray, 10 Texas, 503; McWhirter v. Allen, 1 Texas Civ. App., 651; Sherwood v. Fleming, 25 Texas Supp., 427; Mason v. Russell, 1 Texas, 721; Russell's Heirs v. Randolph, 11 Texas, 461.

*W. M.* and *Matt. Allison,* for appellee.—When an inspection of patent shows that its issuance was authorized by law, and that the same was issued by proper officers whose duty it was to pass upon the sufficiency of the evidence authorizing its issuance, and these officers acting within the scope of their authority issue such patent the same is not void, and

may be avoided only by the State or by someone holding a prior equity in the land. Decourt v. Sproul, 66 Texas, 370; Bryan v. Shirley, 53 Texas, 459; Gullett v. O'Connor, 54 Texas, 416; Carter v. Cliffton, 17 Texas Ct. Rep., 177; McLeary v. Dawson, 87 Texas, 535; Culbertson v. Blanchard, 79 Texas, 491; Roach v. Fletcher, 11 Texas Civ. App., 227; Todd v. Fisher, 26 Texas, 241; Matador Land & Cattle Co. v. State, 54 S. W. Rep., 258; Yarbrough v. DeMartin, 67 S. W. Rep., 179.

KEY, ASSOCIATE JUSTICE.—From a judgment in favor of the plaintiff in an action of trespass to try title, the defendant has appealed. The case is presented in this court upon three assignments of error, all of which are very general in their nature. Appellee objects to their consideration, but inasmuch as they are followed by propositions, statements, citations of authorities and argument, bringing the case substantially within the rule announced by our Supreme Court in Clarendon Land Co. v. McClelland Bros., 86 Texas, 180, we overrule the objections and decide the case.

The plaintiff sued to recover two tracts of land, which he alleged and proved he had bought from the State, and which had been patented to him. The defendant's answer included a general denial, plea of not guilty and a disclaimer as to all the land sued for except 140 acres, specifically described in the answer. At the trial after the plaintiff had introduced his two patents, showing that the State had granted him the land sued for, the defendant, over the plaintiff's objection, introduced an award from the Commissioner of the General Land Office of Texas, showing a sale to the defendant of a section of land, including the 140 acres to which the defendant asserted title, and which was part of the land included in the plaintiff's patents. The award referred to was subsequent to the date of the plaintiff's patents. The defendant then offered testimony which he claims tended to show that the plaintiff had perpetrated a fraud upon the State by causing certain changes to be made in the original field notes of the two surveys by virtue of which the land was patented to him, by which changes it is contended the surveys referred to were caused to encroach upon the section of school land which was afterwards awarded to the defendant. Inasmuch as it was conceded in the court below, as it is conceded in this court, that the claim of title asserted by the defendant had its inception subsequent to the issuance of patents to the plaintiff, the trial court held that the defendant could not assail the plaintiff's title upon the ground of alleged fraud. This ruling was correct. It has been repeatedly held by our Supreme Court that in the absence of some prior right or equity no one except the State can attack a patent upon the ground that the title was procured by fraud. (Bowmer v. Hicks, 22 Texas, 162; Bryan v. Shirley, 53 Texas, 459; Decourt v. Sproul, 66 Texas, 370; Culbertson v. Blanchard, 79 Texas, 491.)

Counsel for appellant seem to concede this general rule, but claim that it should not apply with reference to school-lands. We fail to perceive, and counsel has failed to present, any satisfactory reason for the alleged distinction. The rule has heretofore been applied to school lands, and, as we think, correctly. (Culbertson v. Blanchard, supra; Carter v. Clifton, 17 Texas Ct. Rep., 177.)

In our judgment the case was properly disposed of by the District Court, and the judgment of that court is affirmed.

*Affirmed.*