## KNOX & NUNN v. PIERCE.

(Court of Civil Appeals of Texas. Texarkana. April 11, 1912.)

1. BROKERS (§ 56*) — COMMISSIONS—WHEN EARNED.

Where a broker, employed to procure a purchaser on specified terms, induced a third person to open negotiations with the owner to purchase, but the third person, after negotiations with the owner, refused to purchase on the specified terms, and the negotiations then ceased; but were subsequently renewed without any effort on the part of the broker, and a sale was made on different terms, the owner, acting in good faith, was not liable to the broker for commissions, because he was not the efficient cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 85–89; Dec. Dig. § 56.*]

2. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

The court, on appeal, will accept as true the evidence which supports the verdict, where it conflicts with the opposing evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from District Court, Hopkins County; R. L. Porter, Judge.

Action by Knox & Nunn against J. L. Pierce. From a judgment for defendant, plaintiffs appeal. Affirmed.

D. Thornton, of Sulphur Springs, for appellants. C. E. Sheppard, of Sulphur Springs, for appellee.

HODGES, J. J. W. Knox and O. E. Nunn, composing the firm of Knox & Nunn, sued the appellee to recover the sum of $875, claimed as commissions due upon a contract of agency, by which they claim to have been employed to assist in selling a certain dairy farm situated in Hopkins county. The appeal is from a general judgment rendered in favor of the defendant in the court below. The errors assigned attack the sufficiency of the evidence to support the verdict of the jury.

The evidence shows that the appellee was the owner of a dairy farm and its equipments, which he desired to sell, and for which he was willing to take $12,000 in cash. Appellee testified that he listed his property with the appellants, and at their instance consented to raise his price to $13,000 in cash, and include therein a pair of horses, estimated at $125; that it was agreed that appellants' commission should be all over $12,125 for which the property might be sold. He also reserved the right to sell the property himself. The evidence further shows that through some advertising matter distributed by appellants the fact that this farm and its equipments were for sale became known to other parties in the city of Sulphur Springs, and by hearing those parties discuss the matter one Waits was induced to approach appellee on the subject, and inquire the terms upon which the property was to be sold. In a conversation that followed between Waits and the appellee, the property was priced to Waits at $13,000 in cash. Appellee further testifies regarding what occurred in this conversation substantially as follows: That when he and Waits had their conversation about the property Waits asked him what he would take for it, and was informed that $13,000 in cash was the price; that Waits thereupon told him that he could not pay it in cash, and could not consider it at that time; that a day or two later he met Waits, and they talked the matter over again. This is in substantial accord with the testimony of Waits concerning the negotiations which took place at that interview. It transpired that in the second interview

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Waits and the appellee renewed their negotiations, which ultimately terminated in a purchase by Waits of the property upon the following terms: Appellee added to the property included in the original offer 10 additional Jersey heifers which were valued at about $300; and Waits was to pay the following consideration: His farm, at $4,000, $6,000 in cash, and three notes of $1,000 each. According to the testimony of Waits and the appellee, the appellants had nothing to do with bringing about that trade.

[1, 2] We think the testimony is sufficient to support the conclusion that, although Waits might have been induced to approach Pierce in the first instance, with a view of buying the property, by information emanating from the appellants, yet he was not willing to buy upon those terms, nor to pay the price for only that property which had been listed. But those negotiations ceased, and were renewed later without the agency of the appellants, and a sale made upon different terms. There is some conflict between the testimony offered by the appellants and that of the appellee regarding the services which appellants rendered in bringing to a successful termination the last negotiations between Waits and the appellee; but in deference to the verdict of the jury we must accept as true the testimony offered by the appellee, where such conflict occurs. The jury had a right to conclude from the evidence that appellants were not the efficient cause of the sale that was finally consummated, and for that reason not entitled to recover the profit specified in the contract. The sale being upon different terms from those embraced in the contract with appellants, and no bad faith being charged against the appellee in making those terms, there is no reason why we should hold, as a matter of law, that appellants were entitled to recover upon their contract. McDonald v. Cabiness, 98 S. W. 943; Id., 100 Tex. 615, 102 S. W. 721; Burch v. Hester & Lawhorn, 109 S. W. 399; English v. William George Realty Co., 117 S. W. 996.

There being simply an issue of fact, and that having been determined by the court below in favor of the appellee, we do not think the judgment should be disturbed; and it is accordingly affirmed.