SIMON GREIF, MAX GREIF, DAVID L. GREIF, LEONARD L. GREIF and ALVIN GREIF, trading under the firm name and style of L. GREIF AND BROTHER,

*vs.*

JAMES H. WRIGHT COMPANY.

*New Castle, June* 15, 1914.

The right to set off mutual debts due to and from a corporation, under *Rev. Code* 1852, amended to 1893, *p.* 793, *c.* 106, §21, providing that mutual debts between parties to an action, due at the time of action brought in the same right, may be the subject of set-off, was not defeated by the appointment of a receiver for the corporation under a statute authorizing the appointment of a receiver for insolvent corporations on

the application and for the benefit of any creditor or stockholder, since such receiver takes the assets as a trustee and as a representative of the insolvent, and acquires no greater interest in the estate than the corporation had, and the assets are subject to such set-offs, liens and incumbrances as exist at the time of the appointment.

A debt due to the receiver of an insolvent corporation, as distinguished from a debt due to the corporation, cannot be set off against a debt due from the corporation.

EXCEPTIONS TO CLAIMS in a receivership cause. A receiver having been appointed for the defendant company, claims of various creditors were filed, and exceptions were taken to the claim filed by Elmer E. McDaniel. The matter was heard on said claim and exceptions. The facts sufficiently appear in the opinion of the Chancellor.

*Marvel, Marvel & Wolcott*, for the receiver.
*William S. Hilles*, for the claimant.

THE CHANCELLOR. Elmer E. McDaniel for several years bought goods of James H. Wright Company on credit, and the company owed McDaniel for board and care of a horse and wagon. These two running accounts were occasionally settled by allowing one against the other. On February 12, 1912, such a settlement was made and mutually discharged, and each continued to become indebted to the other. Afterwards a receiver was appointed for the company on the ground of its insolvency. At that time McDaniel owed to the company $419.36, and the company owed McDaniel $472.67. McDaniel claims the right to offset the amount the company owes him against the amount he owes the company, and the receiver, by petition setting forth the above facts, asks for instructions. The counsel for McDaniel voluntarily appeared to the petition, and the question was argued by him and by counsel for the receiver.

Before the appointment of the receiver the mutual debts could have been set off under the statutes of this State. *Revised Code, c.* 106, §21, *p.* 793. Did the appointment by the court of a receiver of the corporation, based on its insolvency, change

this right? The statute authorizes the Court of Chancery to appoint a receiver for an insolvent corporation "on the application and for the benefit of any creditor or stockholder thereof." A receiver so appointed is not a purchaser for value without notice, but takes the assets of the company as a trustee and as a representative of the insolvent. The receiver acquires no greater interest in the estate than the corporation had. Its assets are subject to set-offs, liens and incumbrances as they exist at the time of the appointment. 5 *Pomeroy's Equitable Remedies*, §187; *High on Receivers*, §247; *Van Wagoner v. Paterson Gas Co.*, 23 *N. J. L.* 283; *Scott v. Armstrong*, 146 *U. S.* 499; *Davis v. Industrial, etc., Co.*, 114 *N. C.* 321, 19 *S. E.* 371, 23 *L. R. A.* 322 (1894); *Steelman v. Atchley*, 98 *Ark.* 294, 135 *S. W.* 702, 32 *L. R. A.* (*N. S.*) 1060.

Of course a debt due to the receiver, as distinguished from a debt due to the company, cannot be set off as against a debt due from the company. The reason is the same as that applicable where one becomes indebted to an executor or administrator of an insolvent estate. Such a debt cannot be set off against a debt which he owed the deceased, for he owes the administrator or executor, while the estate owes him. *Davis v. Industrial, etc., Co.*, 114 *N. C.* 321, 19 *S. E.* 371, 23 *L. R. A.* 322 (1894).

Set-off is inadmissible, it is said, where the receiver represents the creditors in suits to recover unpaid subscriptions to capital stock, which constitute a trust fund (*Davis v. Industrial, etc., Co., supra*), or in suits to recover dividends illegally paid (*Osgood v. Ogden*, 4 *Keyes* [43 *N. Y.*] 70).

But the case under consideration is a plain one of mutual debts arising in the usual course of business, and the two claims are subject to legal as well as equitable set-off.

An order will be entered instructing the receiver according to this opinion.