### BROWN v. WESTERFELD.

No. 12712.

Court of Civil Appeals of Texas. Dallas.

April 29, 1939.

Rehearing Denied June 3, 1939.

Austin S. Dodd and Grady Niblo, both of Dallas, for plaintiff in error.

White & Yarborough, of Dallas, for defendant in error.

BOND, Chief Justice.

This suit was filed in a district court of Dallas County by Claude C. Westerfeld against Frank B. Brown, in trespass to try title and for damages. At the conclusion of the testimony, the court peremptorily instructed a verdict in favor of plaintiff, accordingly entered judgment for title and possession of the land involved in the suit.

In appraising the merits of plaintiff in error's assignments to the effect that, the court erred in directing verdict for defendant in error and entering judgment, the rule, repeated with monotonous regularity by appellate courts, is: "In passing upon the action of a trial court in directing a verdict, a reviewing court must accept as true all evidence which, when liberally construed in favor of the complaining party, tends to support that party's cause; and all of the evidence of the adverse party will be disregarded when in conflict with the evidence of the complaining party." Corbell v. Stengel, Tex. Civ.App., 83 S.W.2d 1084, 1085. See, also, Michaelson v. Green et al., Tex.Civ.App., 85 S.W.2d 1116; Diamond v. Duncan, 107 Tex. 256, 172 S.W. 1100, 177 S.W. 955; St. Louis Southwestern R. Co. of Texas v. McCauley, Tex.Civ.App., 134 S.W. 798; Knox & Nunn v. Pierce, Tex.Civ.App., 146 S.W. 703; E. F. Rowson & Co. v. McKinney, Tex.Civ.App., 157 S.W. 271.

It appears from the record before us that, on January 26, 1924, Claude C. Westerfeld, by general warranty deed, in all respects regular upon its face, conveyed to F. B. Brown the land in controversy, for a recited consideration of $250 cash and

one vendor's lien note for $750, due and payable to the grantor on or before two years after said date. The real cause for this deed involved transactions that, for the purpose here, are immaterial. The deed being a regular conveyance, and more than four years having elapsed and no effort made to set aside or annul its effect, the deed vested title in the grantee, subject, of course, to the vendor's lien retained to secure the purchase money note. The note was also secured by a deed of trust of even date, with the usual power of sale granted trustees in such instruments.

The note and deed of trust, according to their terms, became barred by the four-year statute of limitation on January 26, 1930, and, unless the note was renewed on April 19, 1930, by a transaction presently recited, the grantor at the time of the institution of the suit had neither actual nor potential title to the land. The rights of the grantee having become vested absolutely on January 26, 1930, to the exclusion of the grantor, the authority of the trustee to exercise the power of sale under the deed of trust expired, unless the note was effectively renewed. The renewal transaction is the primary, dominant and ultimate issue in this suit; perforce of it, the trustee, under the power of sale in the above deed of trust, on November 7, 1933, transferred the property to Westerfeld. The trustee's deed is the basis of plaintiff's alleged title to the land, and, without a valid supporting renewal and extension agreement, the sale and deed are void. Art. 5520, as amended, Acts 1931, 42d Leg., p. 230, ch. 136, § 2, Vernon's Ann.Civ.St. art. 5520; Art. 5523, R.S. 1925.

Plaintiff in error alleged and supported by evidence the details of the renewal and extension transaction, which we deem it unnecessary to relate here; suffice to say that, on April 19, 1930, defendant in error, by force, threats of personal violence, and exhibition of firearms, caused the grantor, against his will, to execute and acknowledge a note in the sum of $1050, due and payable to plaintiff sixty days after said date; and, a written agreement, evidencing renewal and extension of the $750 note, dated January 26, 1924, which had long since been barred by limitation. Indeed, the issue of such duress, as presented by defendant's pleadings and evidence, was controverted by the grantee's testimony, thus leaving the issue for determination by the jury.

Trials by jury have, almost from time immemorial, been recognized in the jurisprudence of many nations. With us, a jury is a matter of "historical right", before accorded by a written constitution. This valuable right is one of the greatest privileges afforded to free men. "The right of trial by jury shall remain inviolate." Const. Art. 1, § 15, Vernon's Ann. St. Construing the testimony in the light most favorable to plaintiff in error, we are of the opinion that it is sufficient to carry the issue of duress to the jury and, if found in Brown's favor, would be a complete defense to the cause of action. Therefore, the trial court was not warranted in taking the case from the jury, depriving plaintiff in error of the privilege of such trial on such a vital issue in the case; otherwise, we express no opinion on the weight of such testimony.

The judgment of the court below is reversed and cause remanded.

## On Motion for Rehearing.

PER CURIAM.

In answer to the query of defendant in error, his motion to dismiss this appeal was considered and overruled, though not directly stated; and the assignments and propositions of plaintiff in error were considered upon their merits, as in sufficient compliance with the procedural statutes and rules relative to briefing cases. Arts. 1757, 1844, as amended, Vernon's Ann.Civ.St. arts. 1757, 1844; Rule 71a For District and County Courts (99 S.W.2d xxx); Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270. The appeal being predicated upon alleged error in granting peremptory instruction, the assignments of error complaining of this were necessarily general, but were followed by appropriate propositions, statements, citation of authorities and argument, and were sufficient. Frontroy v. Atkinson, 45 Tex.Civ.App. 324, 100 S.W. 1023; Pelton v. Allen Inv. Co., Tex.Civ.App., 78 S.W.2d 272 (syl. 2). As already pointed out, there are facts in evidence from which the jury could have found either way on the defensive pleas of Brown. Defendant in error's motion for rehearing, after thorough examination, must be overruled.