# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE PAPADOPOULOS,      )
                                  )
      Plaintiff,            )
                                  )
      v.                  )
                                  )   C.A. No. N17C-12-209 CLS

WBCMT 2006-C29 NC OFFICE,   )
LLC,                       )
LANARD & AXILBUND, LLC     )
d/b/a COLLIERS             )
INTERNATIONAL, COLLIERS   )
INTERNATIONAL USA, LLC,    )
15 READ'S WAY LLC, THE     )
COMMONWEALTH GROUP     )
LTD and ELITE CLEANING     )
CO., INC. d/b/a ELITE        )
BUILDING SERVICES,       )

      Defendants.

Date Submitted: June, 26 2018
Date Decided:  October 1, 2018

On WBCMT, LLC's Motion to Dismiss.
**Granted.**

## OPINION

Ryan S. Zavodnick, Esquire, Zavodnick, Zavodnick, and Lasky, LLC, 1201 N. Orange Street, Suite 7252, Wilmington, Delaware, 19801.  Attorney for Plaintiff.

Matthew G. Summers, Esquire, Ballard Spahr LLP, 919 North Market Street, 11th Floor, Wilmington, Delaware, 19801.  Attorney for Defendant WBCMT.

Sarah B. Cole, Esquire, Marshall Dennehey Warner Coleman & Goggin, 1007 N. Orange Street, Suite 600, Wilmington, Delaware, 19899. Attorney for Defendants Read's, LLC and The Commonwealth Group, LLC.

**Scott, J.**

## Background

Delaware common law holds individuals in occupation and control of land liable for harm caused to invitees by known dangers upon the property. Plaintiff was injured on a commercial property that was in foreclosure where a receiver *pendente lite* had been appointed by the Court of Chancery for the benefit of the lender.

Defendant WBCMT was the mortgage holder of the commercial property located at 11, 13, & 15 Reads Way prior to December 2013 when it filed a complaint in *Scire Facias Sur* Mortgage against co-Defendant to the immediate action, Reads, LLC (Reads). In July 2015, prior to a final judgment in the mortgage action WBCMT filed a complaint for appointment of a Receiver Pendente Lite against Read's in the Court of Chancery. The Court of Chancery granted WBCMT and Read's stipulated and proposed order for the appointment of a receiver on December 17, 2015.

On January 8, 2016 Plaintiff was allegedly injured when an aerosol can ejected from a wall mounted aerosol dispenser in the women's restroom of the

2

property known as 11 Reads Way. Plaintiff filed this action against the various defendants in December 2017.

Defendants Read's, LLC and The Commonwealth Group, LLC's cross claimed for contribution and/or indemnification from the other named Defendants. Defendant WBCMT filed this motion to dismiss on March 8, 2018. Defendants Read's and The Commonwealth Group oppose the motion.

## Parties Assertions

WBCMT argues several theories that they argue prevent a finding of liability on their part. WBCMT argues they did not own, possess, manage, or operate the property, and the "for the benefit of the lender" language in the Order does not impose liability for the receiver's actions. WBCMT states any interpretation of the Receivership Order falls within the exclusive jurisdiction of the Court of Chancery. Additionally, WBCMT asserts they cannot be sued as the entity has been wrapped up and no longer exists and that there was no contractual relationship between the receiver and WBCMT at the time of the incident that would impose liability.

Commonwealth argues dismissal is premature and further discovery is needed to determine the level of possession and control WBCMT exerted over the property in question. Commonwealth states the Receivership Order grants some possession and control to WBCMT while displacing Commonwealth from that distinction.

3

Next, Commonwealth states the Delaware LLC Act permits a dissolved LLC to be held liable when obligations are known to the LLC at the time of dissolution. Furthermore, Commonwealth argues the Order requires the written consent of WBCMT prior to the receiver executing managerial activities.

Commonwealth additionally argues that the Court of Chancery need not be called upon to interpret the Receivership Order at this time. Commonwealth proposes that Plaintiff has pleaded sufficient facts which if true would support a claim for which relief may be granted.

## Standard of Review

The test for dismissal under Superior Court Rule 12(b)(6) is whether the Plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[1] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[2] Therefore, if the

---

[1] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).
[2] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).

plaintiff can recover under any conceivable set of facts inferable from the pleadings, the motion to dismiss will not be granted.[3]

## Analysis

The primary issue in this case is whether WBCMT possessed or controlled the subject property at the time of the alleged incident. Delaware has adopted the rule set forth in the Restatement of Torts to establish premises liability wherein a possessor of land is subject to liability for physical harm caused to his invitees by known dangerous conditions on the land. [4]

Delaware also accepts the Restatement's definition of a possessor of land. Generally; a possessor of land is a person who is, or has been, in occupation of land with intent to control it, or a person who is entitled to immediate occupation of the land if no person is in possession.[5]

Both WBCMT and Commonwealth point to the Restatement definition to support their argument. However, Commonwealth argues that the Receivership Order grants WBCMT sufficient control over the property so as to support a finding that WBCMT was in possession of the property at the time of the incident.

---

[3] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).
[4] *Ward v. Shoney's, Inc.*, 817 A.2d 799, 802 (Del. 2003).
[5] Restatement (Second) of Torts § 328E (1965).

A properly executed mortgage creates a lien under Delaware law. A lienholder holds an interest in the property that the lien secures. That interest is the lender's ability to bring an action in *Scire Facias* before the Superior Court to have the property taken in execution for payment of the mortgage. It is not a possessory interest.

Creditors of an insolvent corporation possess a statutory right to apply for the appointment of a receiver under 8 *Del. C.* § 291.[6] Upon application, the Court of Chancery possesses the jurisdiction to take possession of the assets of a corporation, through a receiver *pendente lite*, in order to prevent loss to those with an interest in preserving the value of those assets.[7] The appointment of a receiver for the benefit of a creditor takes the assets of the company as a trustee and as a representative of the insolvent.[8] "[T]he appointment of a receiver does not in itself change the title to the property or determine any rights therein."[9] A receiver is appointed "as arms of the Court of Chancery" whose powers "are limited to the powers spelled out in the order appointing them, and do not extend beyond that."[10]

WBCMT states the Court of Chancery retained exclusive jurisdiction in interpreting or implementing the Receivership Order. However, the Order is

---

[6] 8 *Del. C.* § 291.
[7] *Whitmer v. William Whitmer & Sons*, 99 A. 428, 430 (Del. Ch. 1916).
[8] *Greif v. James H. Wright Co.*, 91 A. 205, 206 (Del. Ch. 1914).
[9] 75 C.J.S. Receivers § 89.
[10] *Clark v. State*, 269 A.2d 59, 61–62 (Del. 1970).

6

unambiguous as to conferring possession and control to the receiver. WBCMT as lender on the property possessed the statutory right to apply for the appointment of a receiver. The receiver upon appointment stepped into the shoes of Commonwealth as possessor and manager of the property, subject to the Court of Chancery's Order. The Chancery Court's Order ordered the receiver to "take immediate *possession* of the property, and to hold, protect, insure, manage, operate the business and *control the property*" without further consent from either the Court or WBCMT.[11] The Order does not authorize the Receiver to transfer possession and control to any other parties. That the receiver was required to seek consent from WBCMT for certain expenditures such as entering into contracts with a value greater than $5,000, does not place WBCMT in possession or control.

As WBCMT cannot be found to be a possessor of land, the parties' other arguments related to the Delaware LLC Act, or contractual agreements need not be addressed.

## Conclusion

Commonwealth's argument that the "for the benefit" language in the receivership order grants control to WBCMT is not compelling. WBCMT cannot be considered a possessor of land based on the appointment of a receiver by the Court of Chancery. The Receiver was appointed pending payment in full of the debt

---

[11] Pl. Ex. B at 3. (emphasis added)

secured by the property, private sale, or foreclosure.  The Receivership Order did not grant possession and control to WBCMT, nor did the Order grant the receiver authority to transfer possession and control to WBCMT.

WBCMT was not an owner, possessor, or occupier at the time of Plaintiff's injuries, and therefore cannot be held liable for her injuries.  For the foregoing reasons, Defendant WBCMT's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**